FILED
2014 Oct-08 AM 10:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| JONATHAN L. KIMERLING; <br> WILLIAM A. OCHSENHIRT, III; <br> INVERNESS HOLDINGS, LLC d/b/a <br> INVERNESS COUNTRY CLUB; and, <br> S&J FAMILY, LLC, <br><br> Plaintiffs, <br><br> vs. <br><br> WESTCHESTER FIRE INSURANCE <br> COMPANY a/k/a ACE WESTCHESTER <br> FIRE INSURANCE COMPANY, <br><br> Defendant. | § § § § § § § § § § § § § § § § <br><br> CIVIL ACTION NUMBER |

## NOTICE OF REMOVAL

COMES NOW Defendant Westchester Fire Insurance Company a/k/a ACE Westchester Fire Insurance Company ("Westchester"), and files this Notice of Removal of this action from the Circuit Court of Shelby County, Alabama to the United States District Court for the Northern District of Alabama, Southern Division, and shows unto the Court the following:

### I.

The above-entitled action was originally pleaded as a third-party complaint in the Circuit Court of Shelby County, Alabama on October 7, 2013. Westchester filed a Motion to Sever the third-party complaint from the original action on December 9, 2013. On October 7, 2014, the Circuit Court of Shelby County, Alabama granted the requested severance and ordered that the claims asserted in the third-party complaint be severed and directed the Clerk to assign a new case number, with the Order docketed as the first entry of the above-entitled action. The Circuit Court of Shelby County, Alabama further noted that the new case shall be treated as an entirely separate action for

all purposes, redesignating the third-party plaintiffs as Plaintiffs in the new action and the third-party defendants as Defendants in the new action. Copies of the third-party complaint and the Court's Order of October 7, 2014, are attached hereto as part of "Exhibit A." Because this removal is filed within 30 days of the Circuit Court of Shelby County, Alabama's Order that first made this action removable, the removal of the action to this Court is timely pursuant to 28 U.S.C. Section 1446(b)(3).

## II.

Copies of all process, pleadings, and orders served on or by Westchester in said action are attached hereto as "Exhibit A."

## III.

This action is one of a civil nature over which the District Court of the United States has original jurisdiction because of diversity of citizenship, pursuant to 28 U.S.C. Section 1332.

## IV.

Plaintiff Jonathan L. Kimerling, at the time of the commencement of this action, and since that time, is a resident and citizen of the State of Alabama.

Plaintiff William A. Ochsenhirt, III, at the time of the commencement of this action, and since that time, is a resident and citizen of the State of Alabama.

Inverness Holdings, LLC d/b/a Inverness Country Club, at the time of the commencement of this action, and since that time, is a domestic limited liability company organized and existing under the laws of the State of Alabama, with its principal place of business in Jefferson County, Alabama. The members of Inverness Holdings, LLC include S&J Family, LLC and William A. Ochsenhirt, III. Mr. Ochsenhirt, at the time of the commencement of this action, and since that time,

is a resident and citizen of the State of Alabama. S&J Family, LLC is a domestic limited liability company organized and existing under the laws of the State of Alabama, with its principal place of business in Jefferson County, Alabama.

S&J Family, LLC, at the time of the commencement of this action, and since that time, is a domestic limited liability company organized and existing under the laws of the State of Alabama, with its principal place of business in Jefferson County, Alabama. The members of S&J Family, LLC, at the time of the commencement of this action, and since that time, are Sheryl Kimerling and Charles Rich. Upon information and belief, Sheryl Kimerling, at the time of the commencement of this action, and since that time, is a resident and citizen of the State of Alabama. Upon information and belief, Charles Rich, at the time of the commencement of this action, and since that time, is a resident and citizen of the State of Alabama.

## V.

Defendant Westchester, at the time of the commencement of this action, and since that time, was and is a corporation organized and existing under ths laws of the State of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania.

## VI.

Defendant Westchester and Plaintiffs are citizens and residents of different states. Accordingly, complete diversity exists pursuant to 28 U.S.C. Section 1332(a).

## VII.

Additionally, the amount in controversy in exceeds $75,000. This action arises from Plaintiffs' request for defense and indemnity by Westchester for the claims asserted against Plaintiffs in the matter styled *Mike and Cathy Wesler, et al., v. Jonathan L. Kimerling, et al.*, in the Circuit

Court of Shelby County, Alabama, Civil Action Number CV-2009-359 ("the underlying liability action"). [Copies of the Complaint, and any amendments thereto, are attached as "Exhibit C."] In the underlying liability action, over 200 individuals assert claims against Plaintiffs for tortious interference with a business relationship, conspiracy, fraud, negligence, wantonness, and fraudulent suppression related to Plaintiffs' operation and management of the Heatherwood Country Club. The individuals plaintiffs in the underlying liability action seek incidental, consequential, compensatory, and punitive damages as a result of Plaintiffs' alleged wrongful conduct.

Through their third-party Complaint, Plaintiffs seek insurance coverage for full defense and full indemnity for the underlying liability action under two policies of insurance issued by Westchester. [Copies of the Westchester policies are attached as "Exhibit B."] The combined limits of the Westchester policies that Plaintiffs claim apply are $3,500,000. In this action, Plaintiffs assert claims for declaratory judgment, breach of contract, and bad faith against Westchester with respect to the Westchester policies. Plaintiffs specifically allege that Westchester breached its obligations under these insurance policies by failing to provide "full coverage and indemnity protection" to Plaintiffs and by failing or refusing to settle the claims asserted against Plaintiffs in the underlying liability action. [Exhibit A, Third-party Complaint, ¶¶ 10, 11, 20, 27, 34]. Under Alabama law, if Plaintiffs are successful in their claims against Westchester, they may be entitled to not only an award of compensatory damages, but punitive damages may also be awarded.[1] Thus, based on the claims asserted by Plaintiffs and the attached exhibits to this removal, the amount in controversy exceeds the jurisdictional amount of this Court.

---

[1] Westchester denies that it is liable to Plaintiff for any damages.

When the amount of monetary damages is not specified in the Complaint, "a removing defendant need not prove to a legal certainty that the plaintiff's claims must exceed the jurisdictional amount; rather, he bears the lighter burden to prove merely by a 'preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement.'" *Lindsay v. Am. Gen. Life Ins. Co.*, 133 F. Supp. 2d 1271, 1276 n.5 (N.D. Ala. 2001) (quoting *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 2000), *overruled on other grounds by Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)); 28 U.S.C. § 1446(c)(2)(B). Based upon the nature of the claims asserted by Plaintiffs, a preponderance of the evidence shows that the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

In determining whether the amount in controversy exceeds $75,000 where no specific demand is made in the Complaint, the district courts are permitted to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that the case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010). Moreover, "courts may use their judicial experience and common sense in determining whether the case stated in the complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062. If a plaintiff asserts more than one claim, all of a plaintiff's claims may be considered together to meet the jurisdictional minimum for removal. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 585 (2005). In addition, "'the plaintiff['s] likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiff [is] ultimately likely to recover.'" *Shepherd v. State Farm Fire & Cas. Co.*, 2012 WL 3139752, *1 (N.D. Ala. July 30, 2012) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010)).

Because Plaintiffs assert that they are entitled to "full coverage and indemnity" under the Westchester policies and because the combined limits of the Westchester policies that Plaintiffs claim apply exceed the jurisdictional amount of this Court, the amount in controversy exceeds $75,000.

## VIII.

Based on the foregoing analysis, Westchester is completely diverse from Plaintiffs and the amount in controversy exceeds the $75,000 jurisdictional limit. Additionally, the removal of this action is timely pursuant to 28 U.S.C. 1446(b)(3). Therefore, the case is subject to removal to this Court.

WHEREFORE, PREMISES CONSIDERED, Westchester prays that this Honorable Court take jurisdiction of this cause and issue all necessary orders and process in order to remove the above-styled action from the Circuit Court of Shelby County, Alabama.

Respectfully submitted,

/s/ Candace Hudson

Joel S. Isenberg (ASB-8855-N76J)
Candace L. Hudson (ASB-8314-N66H)
Attorneys for Westchester Fire Insurance Company d/b/a ACE Westchester Fire Insurance Company

**OF COUNSEL:**
ELY & ISENBERG, LLC
2100-B SouthBridge Pkwy., Suite 380
Birmingham, Alabama 35209
Telephone:   (205) 313-1200
Facsimile:   (205) 313-1201
jisenberg@elylawllc.com
chudson@elylawllc.com

## CERTIFICATE OF SERVICE

I do hereby certify that a true and accurate copy of the foregoing has been served on all parties of record via the CM/ECF system or U.S. Mail on this the 7th day of October, 2014.

Bruce F. Rogers
Sela S. Blanton
BAINBRIDGE, MIMS, ROGERS & SMITH, LLP
P.O. Box 530886
Birmingham, AL 35253

*/s/ Candace Hudson*
OF COUNSEL